Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
WALTER      ANGUISACA      MONCAYO,
*individually and on behalf of others similarly*
*situated,*

|   |   |
|---|---|
| *Plaintiff* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|   | **29 U.S.C. § 216(b) AND RULE 23** |
|   | **CLASS ACTION** |

BAROSA, INC.  (D/B/A BAROSA), JOSEPH
LAROSA (AKA JOE LAROSA), AND
FRANK BARBONE,

**ECF Case**

*Defendants.*
---------------------------------------------------------X

Plaintiff Walter Anguisaca Moncayo ("Plaintiff Moncayo"), individually and on behalf of

others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon

his knowledge and belief, and as against Barosa Inc. (d/b/a Barosa) ("Defendant Corporation"),

Joseph Larosa (aka Joe Larosa), and Frank Barbone, ("Individual Defendants"), (collectively,

"Defendants"), allege as follows:

### NATURE OF ACTION

1.     Plaintiff Moncayo was a former employee of Defendants Barosa Inc. (d/b/a

Barosa), Joseph Larosa (aka Joe Larosa), and Frank Barbone.

2.      Defendants own, operate, or control an Italian restaurant, located at 62-29

Woodhaven Blvd., Rego Park, New York, 11374 under the name "Barosa".

3.     Upon information and belief, Individual Defendants Joseph Larosa (aka Joe Larosa), and Frank Barbone, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the Italian restaurant as a joint or unified enterprise.

4.     Plaintiff Moncayo was employed as a pizza preparer at the Italian restaurant located at 62-29 Woodhaven Blvd., Rego Park, New York, 11374.

5.     At all times relevant to this Complaint, Plaintiff Moncayo worked for Defendants in excess of 40 hours per week, without appropriate overtime, and spread of hours compensation for the hours that he worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Moncayo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants failed to pay Plaintiff Moncayo the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.     Defendants' conduct extended beyond Plaintiff Moncayo to all other similarly situated employees.

9.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Moncayo and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.     Plaintiff Moncayo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.*

and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Moncayo now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Moncayo's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiff Moncayo was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Walter Anguisaca Moncayo ("Plaintiff Moncayo" or "Mr. Moncayo") is an adult individual residing in Queens County, New York. Defendants employed Plaintiff Moncayo at Barosa from approximately March 23, 2024 until on or about May 8, 2026.

15.    Plaintiff Moncayo consents to be party Plaintiff pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.    At all relevant times, Defendants own, operate, or control an Italian restaurant, located at 62-29 Woodhaven Blvd., Rego Park, New York, 11374 under the name "Barosa".

17.    Upon information and belief, Barosa Inc. (d/b/a Barosa) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 62-29 Woodhaven Blvd., Rego Park, New York, 11374.

18.    Defendant Joseph Larosa (aka Joe Larosa) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joseph Larosa (aka Joe Larosa) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Joseph Larosa (aka Joe Larosa) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Moncayo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.    Defendant Frank Barbone is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Frank Barbone is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Frank Barbone possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He

determines the wages and compensation of the employees of Defendants, including Plaintiff Moncayo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20. Defendants operate an Italian restaurant located in the Rego Park neighborhood of Queens in New York City.

21. Individual Defendants Joseph Larosa (aka Joe Larosa), and Frank Barbone, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Moncayo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Moncayo, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Moncayo (and all similarly situated employees) and are Plaintiff Moncayo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Moncayo and/or similarly situated individuals.

26. Upon information and belief, Individual Defendants Joseph Larosa (aka Joe Larosa) and Frank Barbonem operate Defendant Corporation as either an alter ego of themselves and/or

fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

27.    At all relevant times, Defendants were Plaintiff Moncayo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Moncayo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Moncayo's services.

28.    In each year from 2024 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Italian restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30.    Plaintiff Moncayo is a former employee of Defendants who was employed as a pizza preparer.

31.    Plaintiff Moncayo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Walter Anguisaca Moncayo*

32.    Plaintiff Moncayo was employed by Defendants from approximately March 23, 2024 until on or about May 8, 2026.

33.    Defendants employed Plaintiff Moncayo as a pizza preparer.

34.    Plaintiff Moncayo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35.    Plaintiff Moncayo's work duties required neither discretion nor independent judgment.

36.    Throughout his employment with Defendants, Plaintiff Moncayo regularly worked in excess of 40 hours per week.

37.    From approximately March 23, 2024 until on or about May 8, 2026, Plaintiff Moncayo worked from approximately 10:00 a.m. until on or about 10:00 p.m., Mondays, Wednesdays, Fridays, Saturdays and Sundays (typically 60 hours per week).

38.    throughout his employment, Defendants paid Plaintiff Moncayo his wages in cash.

39.     From approximately March 23, 2024 until on or about April 7, 2024, Defendants paid Plaintiff Moncayo a fixed salary of $800.00 per week.

40.     From approximately April 2024 until on or about May 8, 2026, Defendants paid Plaintiff Moncayo a fixed salary of $1300.00 per week.

41.     Defendants never granted Plaintiff Moncayo any breaks or meal periods of any kind.

42.     Plaintiff Moncayo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

43.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Moncayo regarding overtime and wages under the FLSA and NYLL.

44.     Defendants did not provide Plaintiff Moncayo an accurate statement of wages, as required by NYLL 195(3).

45.     Defendants did not give any notice to Plaintiff Moncayo of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

46.     As a result of Defendants' failure to provide Plaintiff Moncayo with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

47.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Moncayo (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate spread of hours pay, and overtime compensation as required by federal and state laws.

48.     Plaintiff Moncayo was victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

49.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

50.     Defendants paid Plaintiff Moncayo his wages in cash.

51.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

52.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Moncayo (and similarly situated individuals) worked, and to avoid paying Plaintiff Moncayo properly for his full hours worked.

53.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee compensation by knowingly violating the FLSA and NYLL.

54.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Moncayo and other similarly situated former workers.

55.     Defendants failed to provide Plaintiff Moncayo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part

of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

56.    Defendants failed to provide Plaintiff Moncayo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and in Spanish (Plaintiff Moncayo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

57.    As a result of Defendants' failure to provide Plaintiff Moncayo and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Moncayo and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

58.    Plaintiff Moncayo brings his FLSA overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class "), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

59.      At all relevant times, Plaintiff Moncayo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

60.      The claims of Plaintiff Moncayo stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

61.      Plaintiff Moncayo sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

62.      Plaintiff Moncayo brings his New York Labor Law overtime, wages, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Moncayo, are referred to herein as the "Class."

63.      The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

64.      There are questions of law and fact common to the Class including:

   a)   What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiff Moncayo overtime at the premium rate within the meaning of the New York Labor Law;

e)  Whether Defendants improperly deducted "shorts" from Plaintiff Moncayo's wages;

f)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g)  What are the common conditions of employment and in the workplace, such as record-keeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

65.    The claims of the representative parties are typical of the claims of the class. Plaintiff Moncayo and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols, and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiff Moncayo were and are typical of those of class members.

66.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiff Moncayo are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

67.    The common questions of law and fact predominate over questions affecting only individual members.

68.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual Plaintiff Moncayo lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

69.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

70.    Plaintiff Moncayo repeats and realleges all paragraphs above as though fully set forth herein.

71.    At all times relevant to this action, Defendants were Plaintiff Moncayo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Moncayo (and the FLSA and Rule 23 Class members) controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

72.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Moncayo (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75.     Defendants' failure to pay Plaintiff Moncayo (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76.     Plaintiff Moncayo (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

77.      Plaintiff Moncayo repeats and realleges all paragraphs above as though fully set forth herein.

78.     At all times relevant to this action, Defendants were Plaintiff Moncayo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Moncayo, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

79.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Moncayo (and the Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80.     Defendants' failure to pay Plaintiff Moncayo (and the Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

81.     Plaintiff Moncayo (and the Rule 23 class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

82.     Plaintiff Moncayo repeats and realleges all paragraphs above as though fully set forth herein.

83.     Defendants failed to pay Plaintiff Moncayo (and the Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Moncayo's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

84.     Defendants' failure to pay Plaintiff Moncayo (and the Rule 23 class members) an additional hour's pay for each day Plaintiff Moncayo's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

85.     Plaintiff Moncayo (and the Rule 23 class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

86.     Plaintiff Moncayo repeats and realleges all paragraphs above as though fully set forth herein.

87.     Defendants failed to provide Plaintiff Moncayo (and the Rule 23 class members)with a written notice, in English and in Spanish (Plaintiff Moncayo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

88.     As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Moncayo (and the Rule 23 class members), Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

89.     Defendants are liable to Plaintiff Moncayo in the amount of $5,000.00, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

90.      Plaintiff Moncayo repeats and realleges all paragraphs above as though fully set forth herein.

91.     With each payment of wages, Defendants failed to provide Plaintiff Moncayo (and the Rule 23 class members)with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92.     As a result of Defendants' failure to furnish accurate statements to Plaintiff Moncayo (and the Rule 23 class members), Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

93.     Defendants are liable to Plaintiff Moncayo in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Moncayo respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiff Moncayo in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Moncayo and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Moncayo's and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Moncayo and the FLSA and Rule 23 Class members;

(e)     Awarding Plaintiff Moncayo and the FLSA and Rule 23 Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Moncayo and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid

overtime compensation, and damages for any improper deductions or credits taken against wages

under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)       Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiff Moncayo (and the Rule 23 class members);

(h)       Declaring that Defendants violated the spread-of-hours requirements of the NYLL

and supporting regulations as to Plaintiff Moncayo (and the Rule 23 class members);

(i)        Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiff Moncayo's (and the Rule 23 class members') compensation,

hours, wages and any deductions or credits taken against wages;

(j)        Declaring that Defendants' violations of the provisions of the NYLL and spread

of hours wage order were willful as to Plaintiff Moncayo (and the Rule 23 class members');

(k)       Awarding Plaintiff Moncayo (and the Rule 23 class members') damages for the

amount of unpaid overtime compensation, and for any improper deductions or credits taken

against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l)        Awarding Plaintiff Moncayo (and the Rule 23 class members') damages for

Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL

§§198(1-b), 198(1-d);

(m)       Awarding Plaintiff Moncayo (and the Rule 23 class members') liquidated

damages in an amount equal to one hundred percent (100%) of the total amount of overtime

compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

and liquidated damages pursuant to NYLL § 198(3);

(n)       Awarding Plaintiff Moncayo and the FLSA and Rule 23 Class members pre-

judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff Moncayo and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Moncayo demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        May 18, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     */s/ Michael Faillace*
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff Moncayo*

# Michael Faillace & Associates, P.C.
**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 12, 2026

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   Walter Anguisaca Moncayo

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:   May 12, 2026

*Certified as a minority-owned business in the State of New York*